# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIC HOSEY-BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Case No. |
| v. | ) **5:21-cv-01227-AKK-NAD** |
| | ) |
| **APRIL DELUNA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Eric Hosey-Bey, proceeding *pro se*, files this 42 U.S.C. § 1983 suit against April Deluna, a kitchen steward at Limestone Correctional Facility; Alabama Department of Corrections Commissioner Jefferson Dunn; Governor Kay Ivey; and Wexford Health, which provides physical and mental healthcare services to state prisons.[1] *See* doc. 1. In relevant part, Hosey-Bey seeks a preliminary injunction that includes a medical examination due to the prison staff's alleged indifference to his medical needs.[2] *See id.*; doc. 5. As explained below, because Hosey-Bey cannot

---

[1] On September 27, 2021, the court ordered Commissioner Dunn and Wexford Health to respond to Hosey-Bey's motion. *See* doc. 4. *See also* doc. 6. Wexford Health responded, attaching copies of Hosey-Bey's medical records and grievances to its response. *See* doc. 7. Despite receiving copies of Hosey-Bey's filings and the court's orders, *see* docs. 4; 6, Commissioner Dunn failed to respond. *See* doc. 9 (belated response on behalf of non-party Alabama Department of Corrections).

[2] The court previously construed Hosey-Bey's § 1983 complaint, doc. 1, as containing a motion for a preliminary injunction and construed Hosey-Bey's motion for a medical examination, doc. 5, as a supplement to the preliminary-injunction motion. *See* doc. 6.

show a substantial likelihood of success on the merits of his Eighth Amendment deliberate indifference claim or a threat of irreparable injury in the absence of the preliminary injunction, the court must deny these requests.

**I.**[3]

On August 6, 2021, Hosey-Bey received a lunch tray from Deluna and began eating when "something hard hit the top of [his] mouth and went directly down [his] throat." Doc. 1 at 7. The object did not pass, and he later "felt this object moving in [his] chest." *Id.* Hosey-Bey subsequently filled out a sick-call slip. *Id.*[4] Later that day, Hosey-Bey "began to feel a stinging pain," and "[t]he glass object that was lodged in [his] chest fell straight down to [his] stomach." *Id.* at 7–8. He "tried to make it to healthcare to get help" but was not allowed to leave the dorm. *Id.* Hosey-Bey spoke with an officer, who sent him to get medical attention. *Id.* at 7.

Hosey-Bey alleges that he then spoke with a nurse, who told him she had "nothing to get it cut out of [him]" and refused to send him to Huntsville Hospital. *Id.* However, medical records show that on August 9, a nurse evaluated Hosey-Bey

---

[3] Wexford Health filed copies of Hosey-Bey's medical records and grievances. *See* docs. 7-1 at 2; 7-2 at 1–20. Thus, the facts of this case are based on the affidavit Hosey-Bey submitted in support of his motion for a preliminary injunction and the medical records that Wexford Health submitted in response. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

[4] On the sick-call slip, Hosey-Bey stated that he "was in the chow hall eating and messed around and swallowed some glass in [his] mixed vegetables." Doc. 7-2 at 9.

and scheduled an X-ray of his abdomen for "ASAP." Doc. 7-2 at 3. The same day, a radiologist X-rayed Hosey-Bey's abdomen and found "no soft tissue swelling or foreign body" or "metallic foreign body." *Id.* at 5.[5] Healthcare personnel thereafter completed a mental health referral form for Hosey-Bey in which they stated that Hosey-Bey was "seeking attention through false statements." *Id.* at 4.

On August 10, Hosey-Bey went back to the healthcare unit complaining of chest pain from "spitting up glass." *Id.* at 6. Dr. Jeana Blalock examined Hosey-Bey, provided him with a negative X-ray, and also made a mental health referral. *Id.* at 6. Hosey-Bey states that Dr. Blalock told him she would request more X-rays but that no further X-rays were taken and that medical staff did not give him medication to help with his pain or his stomach. Doc. 1 at 8. Shortly after, Hosey-Bey was seen by mental-health personnel for "psychosis vs. delusion" related to his complaints. Doc. 7-2 at 4, 7. Dr. Blalock saw him again in the healthcare unit, where personnel drew blood for testing. *Id.* at 7–8. Dr. Blalock noted that Hosey-Bey was being checked for the cause of the psychosis. *Id.* at 8.

Hosey-Bey then completed another sick-call request, stating that he had not eaten for three days because of the damage to his stomach. *Id.* at 12. Following another visit to the healthcare unit, medical records indicate that Hosey-Bey's

---

[5] Hosey-Bey states that a small piece of glass came out of his mouth after the X-ray. Doc. 1 at 8. He claims that he went back to "let them know," but "they didn't care." *Id.*

abdomen was soft, that he had no rigidity, pain, or rectal bleeding, and that he was able to stand. *See id.* at 10. Dr. Blalock ordered magnesium citrate. *Id.* Hosey-Bey subsequently filed two grievances complaining of his stomach pain and alleging that the nurses were avoiding him. *Id.* at 1–2.

On August 16, healthcare personnel evaluated Hosey-Bey again and prescribed him milk of magnesia and MiraLAX. Doc. 7-2 at 13–15. The same day, Taylor McElroy, the correctional facility's Health Services Administrator, responded to Hosey-Bey's two grievances. Docs. 7-1 at 4; 7-2 at 1–2. On August 18, healthcare personnel continued evaluating Hosey-Bey's mental health. Doc. 7-2 at 16. On September 8, following another evaluation, Dr. Blalock noted potential concerns about Hosey-Bey's delusion, psychosis, and substance use. *Id.* at 19.

Hosey-Bey then filed suit, alleging that the defendants violated his Eighth Amendment rights by "serving inmate food that is improperly prepared or damaging to his health" and "refusing healthcare and not willing to treat the injuries obtained." Doc. 1 at 3. In his complaint, which seeks a preliminary injunction, *id.*, and his motion for a medical examination, doc. 5, Hosey-Bey asks that (1) the defendants arrange for a specialist to examine his stomach, (2) Wexford Health produce copies of his medical records, and (3) Wexford Health respond to his grievances.

## II.

To obtain a preliminary injunction, Hosey-Bey must show (1) a substantial

likelihood of success on the merits; (2) that he will suffer irreparable injury without the injunction; (3) that his threatened injury outweighs the damage the proposed injunction may cause the opposing parties; and (4) that, if issued, the injunction would not be adverse to the public interest.  *See Jones v. Gov. of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020).  If Hosey-Bey fails to show a substantial likelihood of success on the merits, the court need not consider the remaining factors.  *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015).

A.

The "deliberate indifference to serious medical needs of prisoners" can support an Eighth Amendment claim for cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In this respect, a "delay in access to medical care that is 'tantamount to unnecessary and wanton infliction of pain' may constitute deliberate indifference to a prisoner's serious medical needs." *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995).  But a deliberate indifference claim implicates the Eighth Amendment only where doctors or guards intentionally deny or delay access to medical attention for serious medical conditions.  *Barfield v. Brierton*, 883 F.2d 923, 938 (11th Cir. 1989).  Deliberate indifference therefore requires "grossly incompetent, inadequate, or excessive" medical treatment, *see Littleton v. Miller*, No. 5:15-cv-01076-RDP, 2017 WL 6041942, at *6 (N.D. Ala. Dec. 6, 2017) (citing

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)), and more than negligence or "an inadvertent failure to provide adequate medical care." *See Estelle*, 429 U.S. at 105–06. Consequently, "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference." *Brennan v. Thomas*, 780 F. App'x 813, 821 (11th Cir. 2019) (citing *Melton v. Abston*, 841 F.3d 1207, 1224 (11th Cir. 2016)).

In this case, the record does not support Hosey-Bey's allegations, and Hosey-Bey therefore cannot show a substantial likelihood of success on the merits of his Eighth Amendment deliberate indifference claim. Hosey-Bey repeatedly visited the healthcare unit and received frequent and continuous treatment, monitoring, and blood work. *See* docs. 7-1 at 2–6; 7-2 at 1–19. Medical staff immediately ordered X-rays of Hosey-Bey's abdomen, which showed "no soft tissue swelling or foreign body identified" or "metallic foreign body." *See* docs. 7-1 at 3; 7-2 at 3, 5. In short, the record demonstrates that medical staff did not ignore Hosey-Bey's medical needs and instead examined and monitored him closely. At most, it appears that Hosey-Bey disagrees with the medical personnel about his condition and treatment.[6] But that "simple difference in medical opinion" cannot "support a claim of deliberate

---

[6] Hosey-Bey suggests that Wexford Health has not produced all of the copies of his X-rays. Doc. 12 at 3. However, even with additional X-rays, Hosey-Bey has not established a substantial likelihood of success on the merits of his deliberate indifference claim.

indifference." *Brennan*, 780 F. App'x at 821. As a result, Hosey-Bey has not demonstrated a substantial likelihood that he will succeed on the merits of his deliberate indifference claim. *See GeorgiaCarry.Org*, 788 F.3d at 1329.

B.

Hosey-Bey also cannot satisfy the remaining three factors necessary for a preliminary injunction. With respect to irreparable harm, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). Hosey-Bey seeks a medical examination, copies of his medical records, and responses to his grievances, *see* docs. 1 at 5–6; 5, and he has since received these requests. Medical personnel repeatedly examined his stomach. *See* doc. 7-1 at 6. Wexford Health supplied his medical records. *See id.* at 2; doc. 7-2 at 1–20. And Wexford Health also filed copies of McElroy's responses to Hosey-Bey's grievances. *See* docs. 7-1 at 4; 7-2 at 1–2. As a result, Hosey-Bey's requests are moot,[7] and he cannot show that he will suffer irreparable injury without an injunction.[8]

---

[7] In general, "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Pacific Ins. Co. v. General Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994). In addition, "[a] claim for injunctive relief may become moot if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Reich v. OSHRC*, 102 F.3d 1200, 1201 (11th Cir. 1997) (citing *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979)).

[8] For the same reasons, Hosey-Bey cannot show that any threatened injury outweighs the damage an injunction may cause the defendants or that the public interest weighs in favor of an injunction.

### III.

After thorough consideration of the filings and the record, the court concludes that Hosey-Bey has not established his entitlement to a preliminary injunction. Accordingly, Hosey-Bey's motion for preliminary injunctive relief, *see* doc. 1, is **DENIED**, and his supplemental motion, doc. 5, is **MOOT**.[9]

**DONE** the 29th day of November, 2021.

*Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[9] On a liberal construction of the complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), Hosey-Bey appears to plead a separate Eighth Amendment § 1983 claim against the defendants for the conditions of his confinement, *i.e.*, for "serving inmate food improperly prepared and damaging to his health," doc. 1 at 3. This claim therefore remains.