UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIC HOSEY-BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:21-cv-01227-AMM-NAD |
| | ) |
| **APRIL DELUNA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation on June 27, 2024, recommending the motions for summary judgment filed by defendants April De Luna, Vada Quick, and Hanser Whitfield, Docs. 42 & 45, be granted, and that defendant "Jane Doe I" be dismissed without prejudice. Doc. 69. On July 11, 2024, plaintiff Eric Hosey-Bey filed objections to the report and recommendation. Doc. 70.

**I. Mr. Hosey-Bey's Objections to the Dismissal of Various Defendants**

Mr. Hosey-Bey first objects to the dismissal of his official capacity claims against all defendants. *Id.* at 2. Mr. Hosey-Bey asserts that the court failed to provide any law to support this decision. *Id.* But as set forth in the report and recommendation entered on August 15, 2023, the Eleventh Amendment bars official capacity claims against state officials. *See* Doc. 31 at 15 (citing *Will v. Michigan*

*Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)); *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("[S]tate officials sued for damages in their official capacity are immune from suit in federal court."); *see also Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983. . . ."). This objection lacks merit.

Mr. Hosey-Bey next asserts that the magistrate judge was incorrect in finding that a nurse referred him for an x-ray of his abdomen. Doc. 70 at 2. However, Mr. Hosey-Bey attached a medical record to his amended complaint which reflects that on August 9, 2021, LPN P. Washington referred Mr. Hosey-Bey for an "x-ray of abd ASAP."[1] Doc. 21 at 13. The magistrate judge cited this medical record in finding that Mr. Hosey-Bey was referred for an x-ray of his abdomen. Doc. 69 at 4. This objection is without merit. Additionally, Mr. Hosey-Bey's allegation that x-ray technician Jeremy Havas saw "on that screen that small broken bottle lodged in my

---

[1] Abd is a common medical abbreviation for abdomen. *See* https://nursing.illinoisstate.edu/studentlife/resources/nursing-acronyms/

chest," Doc. 70 at 2, is inadmissible hearsay. *See generally, Hines v. Parker*, 725 F. App'x 801, 807 (11th Cir. 2018) (citing Fed. R. Evid. 801(c)).

Mr. Hosey-Bey next objects to the dismissal of defendant Dr. Jeana Blalock, stating Dr. Blalock's name was on the radiology report and that she "did nothing to help him with his condition." Doc 70 at 3. But Mr. Hosey-Bey failed to allege anything more in regard to Dr. Blalock's actions or inactions. Because Mr. Hosey-Bey offered no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), he failed to state a claim upon which relief could be granted against Dr. Blalock. Accordingly, this claim was properly dismissed. *See* Doc. 31 at 16–17; Doc. 33.

Mr. Hosey-Bey's objection to the dismissal of defendant Taylor McElroy, Doc. 70 at 3, fares no better. Mr. Hosey-Bey alleged in his amended complaint that "Ms. McElroy was aware that the Plaintiff was in fact denied adequate healthcare by medical staff and did nothing." Doc. 21 at 5. But "[s]upervisory officials cannot be held liable under § 1983 for unconstitutional acts by their subordinates based on respondeat-superior or vicarious-liability principles." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019); *see also Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) ("claims against supervisory personnel who did not personally participate in the acts complained of are not actionable under section 1983."). Accordingly, Mr.

Hosey-Bey's claims against Ms. McElroy were properly dismissed. *See* Doc. 31 at 19–21; Doc. 33.

Mr. Hosey-Bey objects to the dismissal of Jane Doe I based on his failure to obtain service. Doc. 70 at 4. Mr. Hosey-Bey recognizes that the court found his description of Jane Doe I sufficient to allow the claim to proceed and to obtain service on this individual. *See* Doc. 34 at 2 n.2. But no one identified Jane Doe I by name, and no medical record has been produced that could support a finding that Mr. Hosey-Bey saw this individual on the date set forth by him. On that basis, Mr. Hosey-Bey's failure to identify and obtain service on this individual requires dismissal of Jane Doe I without prejudice. *See* Fed. R. Civ. P. 4(m); *Nalls v. Coleman Low Federal Inst.*, 440 F. App'x 704, 707 (11th Cir. 2011).

Mr. Hosey-Bey also objects to the dismissal of Jane Doe II. Doc. 70 at 4. He asserts Jane Doe II was the nurse "who put the plaintiff in for chest []x-rays when the object was lodged in his chest, you could hear it move as the . . . plaintiff moved from side to side knocking up against the bone." *Id*. Mr. Hosey-Bey alleged in his amended complaint that Jane Doe II tried to send him to the hospital and called Dr. Blalock for instructions on how to treat Mr. Hosey-Bey. *See* Doc. 21 at 12. Nothing in the foregoing alleges any wrongdoing. Accordingly, Mr. Hosey-Bey's claims against Jane Doe II were properly dismissed. *See* 28 U.S.C. § 1915A(b) (requiring a

4

court to dismiss a claim which is "frivolous, malicious, or fails to state a claim upon which relief may be granted"); Doc. 31 at 16–17; Doc. 33.

## II. Mr. Hosey-Bey's Discovery-Based Objections

Mr. Hosey-Bey objects to the court denying his motion to obtain assorted "video evidence" such as video of the serving line during lunch on August 6, 2021, the food preparation area, the healthcare radiology department, and his interactions with Jane Does I and II. Doc. 70 at 4–5.

On October 25, 2021, Hosey-Bey filed a "Subpoena for Video Evidence." Doc. 11. In denying that motion, the court explained to Mr. Hosey-Bey that, pursuant to the Prison Litigation Reform Act of 1995, the court was required to screen complaints filed by prisoners against officers or employees of governmental entities, and that if the court found Mr. Hosey-Bey had stated a claim, the court would enter an Order for Special Report. *See* Doc. 20 at 2. The court also explained that the Order for Special Report set forth the procedures for additional discovery. *Id.*; *see also* Docs 15–16, Doc. 34 at 8–10. Both before and after the defendants filed their special reports, Mr. Hosey-Bey filed additional motions for discovery (including those mislabeled by him as a "Motion to Enforce Preliminary Injunction" and an "Application for Temporary Restraining Order"). *See* Docs. 25, 30, 46, 47. But Mr. Hosey-Bey did not renew his request for video evidence.

Mr. Hosey-Bey also objects to the denial of his request for a copy of a May 9, 2022, CT scan and the denial of his request for medical records post-dating his transfer from Limestone Correctional Facility. Doc. 70 at 5–6. As previously explained to Mr. Hosey-Bey, the only claim he made concerning the CT scan was through naming as a defendant "Director Merchant." *See* Doc. 31 at 21–22 & n.6. Because Mr. Hosey-Bey did not allege any legal wrongdoing by Merchant and did not allege the CT scan had any relation to his claims concerning ingesting glass in August 2021, the court dismissed the claim against Merchant pursuant to 28 U.S.C. § 1915A(b). *See* Doc. 31 at 21–22; Doc. 33.

As to Mr. Hosey-Bey's objection based on the denial of his request for medical records post-dating his transfer from Limestone, Doc. 70 at 6, he made no showing that the defendants in this action, who all worked at Limestone in August and September 2021, had possession or control of his medical records from December 2021 through November 2023. *See* Doc. 48 at 3–4.

### III.  Mr. Hosey-Bey's Other Objections

Mr. Hosey-Bey ascribes nefarious purposes to the magistrate judge's citation to "*Caldwell*, 748 F.3d at 1099 (cleaned up)." Doc. 70 at 6. Mr. Hosey-Bey states "I know he did that by mistake so I'm sending that page back to the court. Someone do the Plaintiff a favor and le[t] Judge Nicholas Danella know that he has not gotten away." *Id*. Mr. Hosey-Bey is instructed that "(cleaned up)" denotes only that the

language cited has been altered to remove parentheses or quotations in the original. In this case, the magistrate judge wrote: "A plaintiff satisfies the final prong by producing evidence 'that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner.' *Caldwell*, 748 F.3d at 1099 (cleaned up)." Doc. 69 at 11. The original language quoted stated: "a plaintiff must produce evidence that the defendant 'disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.'" *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014). Hence, the case citation was "cleaned up."[2]

Mr. Hosey-Bey concludes his objections with the threat that "[s]ince this court will not do its job and get justice for me, I will punish those who violate my civil rites [sic] with fist." Doc. 70 at 7. Mr. Hosey-Bey failed to show a genuine issue of material fact "in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) ("Conclusory allegations and speculation are insufficient to create

---

[2] *See e.g.,* https://k-glaw.com/blog/the-cleaned-up-parenthetical-a-new-way-to-tackle-ungainly-citations/:

> The parenthetical "(cleaned up)" signifies that the author "has removed extraneous, non-substantive material like brackets, quotation marks, ellipses, footnote reference numbers, and internal citations; may have changed capitalization without using brackets to indicate that change; and affirmatively represents that the alterations were made solely to enhance readability and that the quotation otherwise faithfully reproduces the quoted text." Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143, 154 (2017).

a genuine issue of material fact."). Accordingly, summary judgment is appropriate. The Eleventh Circuit's recent holding in *Wade v. McDade*, does not change this result. No. 21-14275, 2024 WL 3354963 at *1 (11th Cir. July 10, 2024) (holding "that in addition to an 'objectively serious' deprivation, a deliberate-indifference plaintiff must show that the defendant acted with 'subjective recklessness as used in the criminal law'").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Mr. Hosey-Bey's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. The court finds that there are no genuine issues of material fact and that the defendants are entitled to judgment in their favor as a matter of law. Accordingly, the court shall **ORDER** that the defendants' motions for summary judgment, Docs. 42 & 45, be **GRANTED**. The court shall further **ORDER** that defendant Jane Doe I be **DISMISSED** without prejudice.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 5th day of August, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE